**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4172**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

RONALD E. WILKERSON,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Liam O'Grady, District Judge.  (3:10-cr-00207-LO-1)

———————

Submitted: August 25, 2011         Decided: August 29, 2011

———————

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Carolyn V. Grady, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Richmond, Virginia, for Appellant.  Brandon Michael Santos, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald E. Wilkerson was found guilty of possession of a firearm by a convicted felon, under 18 U.S.C. § 922(g) (2006), and possession of a controlled substance (cocaine base), under 21 U.S.C.A. § 844(a) (West Supp. 2011), and was sentenced to 108 months of imprisonment, within his advisory Sentencing Guidelines range. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court erred when it took judicial notice of the fact that the City of Richmond is located in the Eastern District of Virginia, rather than granting Wilkerson's motion for acquittal based on a failure of proof of venue; and (2) whether the trial was rendered fundamentally unfair when the prosecutor argued facts at closing argument not entered into evidence. For the reasons that follow, we affirm.

We address counsel's Anders issues in turn. First, venue is proper in any district in which the crime was committed. 18 U.S.C. § 3237(a) (2006). The Government bears the burden of proving venue by a preponderance of the evidence. United States v. Ebersole, 411 F.3d 517, 524 (4th Cir. 2005). The Government can prove this element by direct or circumstantial evidence, however, and whether an offense occurred within particular geographical boundaries is an

2

appropriate subject for judicial notice. <u>United States v. Kelly</u>, 535 F.3d 1229, 1235-36 (10th Cir. 2008).

Next, Wilkerson claims prosecutorial misconduct because the Government stated at closing argument that he had previously been convicted of four felonies. The district court sustained defense counsel's objection to this statement with defense counsel noting that Wilkerson testified that he had only been convicted of two prior felonies. We review this claim to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. <u>United States v. Morsley</u>, 64 F.3d 907, 913 (4th Cir. 1995). Although we find that the prosecutor's statement at closing arguments improper, Wilkerson has failed to show that the remarks prejudicially affected his substantial rights so as to deprive him of a fair trial. <u>United States v. Mitchell</u>, 1 F.3d 235, 240 (4th Cir. 1993); <u>see</u> <u>United States v. Wilson</u>, 135 F.3d 291, 299 (4th Cir. 1998) (listing factors used to determine the question of prejudice).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Wilkerson's conviction and sentence. This court requires that counsel inform Wilkerson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilkerson requests that a petition be filed,

3

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilkerson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED